UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-cr-229 (LMP/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTHONY JOHN CROWLEY,

        Defendant.

**AMENDED DETENTION ORDER**

This matter came before the Court on July 25, 2025, for a hearing on the Emergency Motion of the United States to Modify Detention Order (Dkt. No. 23). The defendant, Anthony John Crowley, appeared at the hearing and was represented by his counsel, Hillary Parsons, Esq. The United States was represented by Rebecca Kline, Assistant United States Attorney. For the reasons that follow, the Motion is GRANTED.

The Court originally entered an Order of Detention in this case on June 16, 2025. (Dkt. No. 19.) At a detention hearing, Mr. Crowley waived his right to contest the Motion of the United States for detention. Without objection from the United States, and with written input from Hennepin County Child Protective Services, the Court's Order of Detention allowed Mr. Crowley to have contact with his minor daughter, but limited that contact to "supervised, recorded phone calls." Dkt. No. 19, Conclusion[s] of Law, ¶ 4.

Following entry of the Order of Detention, the United States advised the Court of additional information and brought an Emergency Motion to Modify

1

Detention Order. (Dkt. No. 23.) The magistrate judge on criminal duty when that Motion was filed entered a Temporary Order disallowing any contact by Mr. Crowley with his daughter. (Dkt. No. 24.)

On July 25, 2025, the Court held a hearing on the Emergency Motion of the United States. The Court heard argument in favor of granting the Emergency Motion from AUSA Kline and argument in opposition from Mr. Crowley's attorney, Hillary Parsons, Esq. The Court called Special Agent Jacqueline Kvilhaug of the Federal Bureau of Investigation as its witness for brief, focused testimony. For the reasons set forth below, the original Order of Detention is amended to forbid any contact by Mr. Crowley with his daughter, direct or indirect. This Order amends the Order at Dkt. No. 19 and the Temporary Order entered by Magistrate Judge Foster at Dkt. No. 24.

## FINDINGS OF FACT

1. Mr. Crowley is charged by Indictment with two counts of possession of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b).

2. The United States is authorized to seek detention in this case as Mr. Crowley is charged with a felony that involves child pornography. 18 U.S.C. § 3142(f)(1)(E). The United States moved for detention on the grounds that there is no condition or combination of conditions other than detention that would reasonably assure the safety of the community.

3. After conferring with his counsel, Mr. Crowley knowingly,

2

voluntarily, and intelligently waived his right to a detention hearing and agreed to pretrial detention at this time.

4.  Following the detention hearing and the entry of an order of detention, the United States advised the Court that Mr. Crowley had requested photographs of his minor daughter from a family friend. The evidence does not show that the family friend contacted Mr. Crowley's daughter to obtain the photographs. The Court reviewed *in camera* photographs retrieved from Mr. Crowley's electronic devices. Some of these photographs were unobjectionable. Other photographs, while lewd, were not "sexually explicit material" as that term is defined at 18 U.S.C. § 2256. Mr. Crowley's daughter identified one of the photographs (number 13 of 13) as perhaps of her; federal law enforcement notes that the furniture on which the subject of these photographs is posing is distinctive and a match for furniture federal agents saw in Mr. Crowley's home when they executed a search warrant there. In none of the photographs that cause the Court concern is the photographic subject's face visible. The Court finds that none of the photographs, concerning or unconcerning, constitutes sexually explicit material under applicable federal law. The Court further finds that by a preponderance of the evidence the United States has shown that at least some of the lewd photographs on Mr. Crowley's devices are photographs of Mr. Crowley's daughter.

## **CONCLUSION OF LAW**

Title 18, U.S.C. § 3142(f) allows a detention hearing to be reopened if

"the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]." While this statutory section is written in terms of a judicial officer deciding a motion to reopen brought by a litigant, there is nothing in the statute that bars a Court from reopening a detention hearing on its own initiative if the Court finds that the criteria of 18 U.S.C. § 3142(f) have been met.

Had the Court been aware, at the time of the original detention hearing, that Mr. Crowley had on his devices photographs of his daughter and that at least some of those photographs of his daughter were sexually suggestive, and that Mr. Crowley would seek photographs of his daughter from a family friend, the Court would have barred all contact between Mr. Crowley and his daughter. The Court now amends its earlier Order of Detention to terminate such contact.

For the reasons stated, the "so ordered" component of the Court's earlier Order of Detention is amended to read as follows:

**IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention without bond of Mr. Crowley is **GRANTED**;

2. Mr. Crowley is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from

4

persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Crowley shall be afforded reasonable opportunity to consult privately with his lawyer;

4. Mr. Crowley may not have contact, direct or indirect, with his daughter;

5. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Crowley is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding;

6. Mr. Crowley shall appear for all future court hearings; and

7. Mr. Crowley may move the Court to reopen the detention determination should his circumstances materially change.

8. All other portions of the Court's original Order of Detention remain in full force and effect.

Dated: July 25, 2025        *s/ John F. Docherty*
                            The Honorable John F. Docherty
                            United States Magistrate Judge