UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-229 (LMP/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY JOHN CROWLEY,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Anthony John Crowley, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon entry of a guilty plea, the government agrees to move to dismiss the Indictment previously filed against the defendant.

In consideration for the defendant's plea of guilty, the government agrees it will not pursue additional charges against the defendant for possession, receipt, or distribution of child pornography resulting from its present case or investigation, unless such charges relate to his minor daughter.

2.  **Factual Basis.**  The defendant is pleading guilty because he is in fact guilty of Count 1 of the Information.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

The defendant admits that on or about August 21, 2022, in the State and District of Minnesota, the defendant did knowingly distribute one or more visual depictions using a computer or cell phone, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct.  Specifically, the defendant admits that he knowingly distributed an image with the file name f71b07bf-4d17-4b4f-9a12-0cb99fcab0e2.jpeg, which depicts a minor victim engaged in sexually explicit conduct.

The Defendant admits that at least one of the individuals in this depiction was a minor, and that the visual depictions were of such minor engaged in sexually explicit conduct.  The Defendant admits that the visual depictions were transported in interstate commerce, including by means of a computer or cell phone.

The Defendant further admits to using the Kik Messaging application, a mobile messaging application connected to the internet designed for mobile chatting and messaging, under username "mtkaguy73," in distributing the visual depictions. The Defendant admits that the visual depictions involved a prepubescent minor or minor less than 12 years of age.

The defendant acted voluntarily and knew his actions violated the law.

3. **Waiver of Indictment.** The defendant waives the right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change-of-plea hearing.

4. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right

to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6.   **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

7. **Statutory Penalties.** The defendant understands that Count 1 of the Information, charging Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) is a felony offense that carries the following statutory penalties:

a. a mandatory minimum of 5 years in prison;

b. a maximum of 20 years in prison;

c. a supervised release term of at least 5 years up to a maximum supervised release term of life;

d. a maximum fine of $250,000;

e. restitution to victims as agreed to by the parties in this agreement and any mandatory restitution as provided for in this agreement;

f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

g. a mandatory additional special assessment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014].

h. additional special assessments pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3), of up to $35,000 for trafficking in child pornography.

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The

parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level is 22. U.S.S.G. § 2G2.2(a)(2).

b. Specific Offense Characteristics. The parties agree that the offense level should be increased by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(2).

The parties agree that the offense level should be increased by a further 2 levels because the defendant knowingly engaged in distribution. U.S.S.G. § 2G2.2(b)(3)(F).

The parties agree that the offense level should be increased by a further 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material. U.S.S.G. § 2G2.2(b)(6).

The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's

    recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is 25, and the criminal history category is I, the Sentencing Guidelines range is **57-71 months of imprisonment**.

However, because the mandatory minimum sentence is 60 months of imprisonment, if the adjusted offense level is 25, and the criminal history category is I, the adjusted Sentencing Guidelines range is **60-71 months of imprisonment**.

            The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is 5 years (60 months) of imprisonment.

g. Fine Range. If the adjusted offense level is 25, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c).

h. Supervised Release. The Sentencing Guidelines' term of supervised release is 5 years to life. U.S.S.G. § 5D1.2.

9. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the

applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

13. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act), apply and that the Court is required to order the defendant to make restitution to the victim(s) of the defendant's offenses.

The defendant agrees to pay restitution to the minor victim in Count 1. The parties agree that the amount of restitution owed will be determined using

18 U.S.C. §§ 2248 and 2259 to reflect the full amount of the victim's losses. At present, the losses are not known for the minor victim, and there is no agreement as to the amount of restitution owed to the minor victim. If the parties cannot reach an agreement as to restitution at least 14 days before sentencing, the Government will request that an evidentiary hearing be held at the time of sentencing.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States

in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense[s]; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense[s] or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

1. Western Digital My Passport external hard drive with serial number WDBYNN0010BBK-08;

2. Acer Predator 17 laptop computer with serial number NHQ17 AA0016405BAE7200;

3. Dell laptop computer with serial number 8WFBQS1;

4. Black computer tower with serial number 1004318;

5. Galaxy 9 Plus cell phone with IMEI number 356420092952449; and

6. 64GB MicroSD SIM card.

The defendant agrees that if any child pornography files or child erotica files are found on any other device seized by the United States, he agrees to forfeit those devices.

The defendant agrees that these items are subject to forfeiture because they were used or intended to be used to commit Count 1 of the Information. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and

waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 60 months' imprisonment. The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach

of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

**18. Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq*.

19. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire

agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

JOSEPH H. THOMPSON
Acting United States Attorney

Date: 9/26/25

BY: REBECCA E. KLINE
Assistant United States Attorney

Date: 26 SEP 2025

ANTHONY JOHN CROWLEY
Defendant

Date: Sept 26, 2025

HILLARY PARSONS
Counsel for Defendant